UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GEORGE N. ALLEN, et al.,<br><br>               Plaintiff,<br><br>     v.<br><br>STEPHEN MAYBERG, et al.,<br><br>               Defendants.<br>(lead case)<br><br>Including the following open member cases:<br>1:07-cv-00850-BLW (DeBerry)<br>1:07-cv-00897-BLW (Scott)<br>1:08-cv-01196-BLW (Chaney)<br>1:10-cv-01973-BLW (Vasquez) | Case No. 1:06-cv-01801-BLW-LMB<br>(consolidated cases)<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are Defendants' Motion to Dismiss Plaintiffs' Amended

Complaints, Motion to Strike and for a More Definite Statement (Dkt. 140) ("Motion to

Dismiss") and Defendants' Motion for an Extension of Time to File Reply in Support of

Motion to Dismiss (Dkt. 156). The Motion to Dismiss pertains only to the cases of

Plaintiffs George Allen (Lead Case No. 1:06-cv-01801-BLW-LMB), Wayne DeBerry

(Member Case No. 1:07-cv-00850-BLW), Henry Scott (Member Case No. 1:07-cv-

00897-BLW), and Eldridge Chaney (Member Case No. 1:08-cv-01196-BLW).

**MEMORANDUM DECISION AND ORDER - 1**

Also pending is Plaintiff George Vasquez's (Member Case No. 1:10-cv-01973-BLW) Motion for Temporary Restraining Order and Reissuance of Preliminary Injunction for Good Cause Shown (Dkt. 124) and Motion for Appearance Under His "Sui Juris" Status and Request for Appointment of "Amicus Curiae" or Class Counsel (Dkt. 168).

Good cause appearing, the Court will grant Defendants' Motion for an Extension of Time, and Defendants' Reply in Support of their Motion to Dismiss the claims of Plaintiffs Allen, DeBerry, Henry Scott, and Chaney (Dkt. 161) is deemed timely. Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding delay, the Court shall decide this matter on the written motions, briefs and record without oral argument. Accordingly, the Court enters the following Order.

## FACTUAL AND PROCEDURAL BACKGROUND

Beginning in December of 2006, Plaintiffs, who are statutorily-designated sexually violent predators ("SVPs") committed to the Coalinga State Hospital ("CSH") after completion of their criminal sentences)—or who are committed to CSH and are awaiting adjudication of their SVP status—filed a number of lawsuits against officials at CSH (collectively, "Defendants") challenging the conditions of Plaintiff's civil confinement. Plaintiffs allege that a number of policies and procedures at CSH violate their constitutional rights. These policies include restrictions of movies for private viewing,

**MEMORANDUM DECISION AND ORDER - 2**

searches of Plaintiff's rooms, confiscation and restriction of possession of personal items (including claims regarding personal computers and electronic gaming devices), noise within living quarters via the PA system, mail inspection, and residents' wages. Plaintiffs' lawsuits were consolidated for ease of administration.

CSH patients, including Plaintiffs, were permitted to purchase and possess personal laptop computers in July 2006, but CSH imposed strict guidelines to regulate the types of hardware, software, and accessible and stored information on the computers. (Declaration of CSH Assistant Deputy Director George Maynard, ¶ 3, Dkt.100-1.) In particular, CSH staff disabled the wireless capability of all incoming computers ordered by patients, pursuant to Administrative Directive 654. (*Id.*, Exhibit 1, Dkt. 100-1.)

In February 2007, CSH patients were notified that "[d]ue to a high rate of policy violations," an immediate moratorium was being placed on purchases of patient computer equipment and software. (*Id.*, ¶ 7, Exh. 4, Dkt. 100-1, p. 29.) The risks identified were widespread distribution of pornographic material, audio recording of staff and patient conversations, widespread illegal distribution and sharing of copyright protected materials, widespread distribution and sharing of data encryption and concealing software, and computerized street map and atlas software. (*Id.*, ¶ 7, Exhibit 4, Dkt 100-1, p. 29.)

In October 2009, while the CSH patients' lawsuits were pending, the California Department of Mental Health ("CMH"), charged with managing CSH, took affirmative steps to implement Regulation 4350 (the "Regulation"). (Motion for Prelim. Inj., Dkt. 96,

**MEMORANDUM DECISION AND ORDER - 3**

p. 2.) The Regulation prohibits patients from possessing "electronic devices with the capability to connect to a wired . . . and/or wireless . . . communications network to send and/or receive information." (Def. Memo., Dkt. 100, p. 9; *see* Cal. Code Regs. title 9 § 4350.)

On October 14, 2010, the Court appointed the Legal Clinic of the University of Idaho Law School as stand-by counsel for Plaintiffs (Dkt. 64) for the purpose of participating in a triage conference (a combined case management and settlement conference) with United States District Judge David O. Carter. (Dkt. 85.)

The triage conference was convened by Judge David O. Carter on December 19, 2011, and is now in recess. (Dkt. 96, p. 2.) Defendants previously agreed to a moratorium with respect to confiscation of Plaintiffs' electronic devices until the conclusion of the triage conference process or unless the court orders otherwise, but then gave notice that the Regulation would be implemented without regard to settlement negotiations. (*Id.*)

As a result, on April 16, 2012, Plaintiffs filed a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to prevent CMH from implementing the Regulation until the legal challenges to CMH's policies restricting access to personal computers and electronic devices were resolved by trial or settlement agreement. Plaintiffs were not seeking internet access, but only to keep their computers and electronic devices that are internet wire-disabled and wireless-disabled. Their claims were based upon the Fourteenth Amendment's Due Process Clause. That motion was denied on September 7, 2012. (Dkt. 102.)

**MEMORANDUM DECISION AND ORDER - 4**

Counsel for Plaintiffs have withdrawn from representation, and Plaintiffs are proceeding pro se. A number of claims and parties have been dismissed from this suit, including those regarding computers and electronic devices. Plaintiffs Allen, DeBerry, Henry Scott, and Chaney have filed Amended Complaints, which are very similar to one another and identical in many aspects. Defendants in the consolidated cases now seek to dismiss the claims of Plaintiffs Allen, DeBerry, Henry Scott, and Chaney pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).

A large portion of these four Plaintiffs' Amended Complaints fail to state a claim upon which relief may be granted. However, Plaintiffs Allen, DeBerry, Henry Scott, and Chaney shall be allowed to proceed on their claims that CSH's PA System, which includes loudspeakers in patients' rooms, as well as CSH's practice of requiring patients to wear soiled clothing, violate their right to due process under the Fourteenth Amendment.

## STANDARD OF LAW

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While a complaint challenged by a Rule 12(b)(6) motion to dismiss "does not require detailed factual allegations, . . . it demands more than an

**MEMORANDUM DECISION AND ORDER - 5**

unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiffs bring their claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Individuals who are in custody but who are not prisoners, such as pretrial detainees and those civilly committed like Plaintiffs, have a substantive due process right to be free from restrictions that amount to punishment. *United States v. Salerno*, 481 U.S. 739, 746-47 (1987); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "This right is violated if restrictions are imposed for the purpose of punishment. There is no constitutional infringement, however, if restrictions are but an incident of some other legitimate government purpose. In such a circumstance, governmental restrictions are permissible." *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (internal citations and quotation marks omitted). "Put more simply, 'if a particular condition or restriction of pretrial detention [or civil commitment] is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment.'" *Id.* at 1046 (quoting *Bell*, 441 U.S. at 539). Therefore, Plaintiffs may proceed on their claims only if they allege specific facts that, if

**MEMORANDUM DECISION AND ORDER - 6**

true, would support a conclusion that CSH's actions are not justified by some legitimate, non-punitive state purpose.

Plaintiffs fault the Court for referring to prisoners and discussing prisoner cases in its previous orders. (*See, e.g.*, Plaintiff Allen's Objections to Defendants' Motion to Dismiss ("Allen Obj."), Dkt. 159, at 21-22.) The Court recognizes that Plaintiffs are not prisoners and that therefore their claims arise under the Fourteenth Amendment, rather than the Eighth Amendment. However, although prisoners and custodial non-prisoners are differently situated from each other, many of the state's interests—such as preserving institutional safety and security—are the same in both cases. *Bull v. City and County of San Francisco*, 595 F.3d 964, 974 n.10 (9th Cir. 2010) (en banc); *see also Bell*, 441 U.S. at 546 ("[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees."). Therefore, courts apply similar standards when considering constitutional claims of custodial non-prisoners, and prisoner cases are relevant in determining whether Plaintiffs have stated a claim under the Fourteenth Amendment. *See Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010).

In their Amended Complaints, Plaintiffs Allen, DeBerry, Henry Scott, and Chaney do not request monetary damages. Rather, they seek only injunctive and declaratory relief. (*See* "Declaratory Pleadings" section in the Second Amended Complaint of George Allen ("Allen Sec. Am. Compl."), Dkt. 41, at 37-38; the Amended Complaint of Wayne

**MEMORANDUM DECISION AND ORDER - 7**

DeBerry ("DeBerry Am. Compl."), Dkt. 35, at 36-37; the Amended Complaint of Henry Scott ("Scott Am. Compl."), Dkt. 37, at 35-36; and the Amended Complaint of Eldridge Chaney ("Chaney Am. Compl."), Dkt. 36, at 34-35.)

## DISCUSSION

1.   **First Amendment Claims**

A.   *Mail Policy*

Plaintiffs argue that Defendants violate the First Amendment by "seiz[ing] and open[ing] without just cause, and without plaintiff's permission . . . , plaintiff's regular and legal mail." (Allen Sec. Am. Compl. at 12.) The Court did not allow Plaintiffs to proceed on these claims when asserted in the previous complaints, and Plaintiffs have not cured the deficiencies of those complaints with respect to their mail claims.

In addition to dismissing Plaintiffs' mail claims for the reasons stated in the Initial Review Order ("IRO") (Dkt. 33), the Court will make the following observation. Just as a prisoner "does not retain rights inconsistent with proper incarceration," *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003), individuals civilly committed to a mental health facility for treatment do not retain rights inconsistent with that treatment. Inspecting the incoming and outgoing mail of SVPs for contraband material, such as pornography or weapons, is entirely appropriate. The mail policy reasonably advances the goals of treatment by not allowing patients to have access to self-destructive material that could derail their progress in dealing with their mental illness.

**MEMORANDUM DECISION AND ORDER - 8**

## B.   *Movie Policy*

The Court previously allowed Plaintiffs to proceed on their movie claims as described in the initial complaints—that they should be able to purchase G- and R-rated movies. (IRO at 14.) Defendants now argue that the movie policy has changed and that because Plaintiffs have not alleged the particulars of the current movie policy, Plaintiffs' movie claims must be dismissed. Plaintiff Allen has recognized that "the policy enacted by Linda Clark, former Chief of Central Program Services at [CSH], restricting Plaintiff's 1st Amendment Rights is no longer in effect." (Allen Obj. at 7.) The other Plaintiffs have not.

The Court has now considered the allegations in the Amended Complaints and concluded that even if the movie policy has *not* changed, Plaintiffs fail to state a colorable First Amendment claim. Defendants have a legitimate interest in prohibiting SVPs from viewing such movies. R-rated movies often receive this classification because the movie depicts sex or violence. *See* Motion Picture Ass'n of America, "What Each Rating Means," *available at http://www.mpaa.org/ratings* (stating that R-rated movies "may include adult themes, adult activity, hard language, intense or persistent violence, sexually-oriented nudity, drug abuse or other elements"). Certainly CSH can take reasonable steps to avoid allowing their patients—who have been adjudicated as sexually violent predators or who are awaiting a hearing to determine whether they are sexually violent predators—to view such images while they are committed. In addition, G-rated movies are movies that are suitable for all audiences, including children, and many depict

**MEMORANDUM DECISION AND ORDER - 9**

characters played by child actors. Some of the SVPs at CSH are dangerous to children and have been convicted of sexual violence against children. Images of children or themes that appeal to children may be appropriately withheld from such individuals based on the state's legitimate interest in minimizing the risk of future sexual violence against children, as well as the institutional goals of treatment.

Treatment and rehabilitation are legitimate, non-punitive objectives of the mental health and civil commitment system. CSH reasonably decided that viewing G- or R-rated movies could inhibit those goals, making it more difficult for patients to conquer their mental health issues and change their sexually violent behavior. Therefore, the Court will dismiss Plaintiff's movie claims.

## 2.    Fourth Amendment Search & Seizure Claims

Although Plaintiffs describe a January 2007 incident in which CSH officials searched their rooms and confiscated some property, they do not seek any remedy for the allegedly unconstitutional search and seizure. Rather, because the Plaintiffs do not seek monetary damages for that incident, the Court must construe the Amended Complaints as challenging CSH's search policy and seeking an order prohibiting certain searches in the future. (*See, e.g.*, Allen Sec. Am. Compl. at 37 (seeking an order "barring [Defendants] from continuing with random illegal searches of plaintiff living quarters without just or probable cause," and "barring [Defendants] from issuing orders which allows [sic] staff to search plaintiff personal property based on the alleged illegal actions of a few individuals").

**MEMORANDUM DECISION AND ORDER - 10**

According to the Amended Complaints, CSH has a policy that, if any patient is found to have contraband, all living areas of the facility are searched. Plaintiffs claim that such searches are unreasonable because if officials already know who had the contraband, they have no reason to search anyone else. (*See, e.g.,* Allen Sec. Am. Compl. at ) Additionally, Plaintiffs challenge the policy that patients' rooms are searched once per week.

The allegations in the Amended Complaints fail to raise a plausible inference that the search policy violates the Fourth Amendment's prohibition against unreasonable searches and seizures. If one patient is found with contraband, there is a strong possibility that additional contraband could have been passed to other patients prior to its discovery. The hospital's interest in prohibiting contraband does not dissipate once a single piece of it is discovered.

There are many items that CSH could reasonably conclude are inconsistent with the goals of treatment and rehabilitation of SVPs, such as pornography or anything that could be formed into a weapon. These patients suffer from dangerous mental illnesses that contribute to their desire to commit sexual violence. It is more than reasonable for CSH to have a search policy in place to ensure that patients do not backslide in their mental health treatment, and that search policy does not offend the Constitution. Plaintiffs may not proceed on their Fourth Amendment claims.

**3.      Conditions of Commitment**

Plaintiffs allege that several conditions of their commitment to CSH violate the

**MEMORANDUM DECISION AND ORDER - 11**

Fourteenth Amendment's Due Process Clause, in part because they are more restrictive than the conditions in prisons and in other mental health facilities. The Court will address these claims in turn.

A.     *Possession of Personal Property*

Plaintiffs claim that they should be allowed to possess certain types of personal property, alleging that prison inmates and other civilly-committed individuals are allowed to purchase and possess more types of property than are SVPs at CSH. Plaintiff seek to possess a number of pieces of property, from extension cords and power strips to personal undergarments and other clothing.

In its Initial Review Order, the Court noted that "[t]reatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts." (IRO at 21, citing *Jones v. Blanas*, 393 F.3d 918, 932-33 (9th Cir. 2004).) However, the Court also recognizes that a mental health facility's institutional concerns of safety and security are the same as those of a prison. Indeed, an SVP has been adjudicated to be "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1).

The allegations in the Amended Complaints generally do not support Plaintiffs' due process claims. Plaintiffs' claims regarding possession and use of computers and

**MEMORANDUM DECISION AND ORDER - 12**

electronic devices have already been dismissed and will not be discussed further here.

Moreover, many of the items Plaintiffs seek to possess could easily be used as weapons,

such as extension cords and electronic equipment with sharp edges. The institution's

interest in providing a safe and secure environment for patients and staff is

unquestionably legitimate, and prohibiting patients with dangerous mental illnesses to

possess such property is reasonably related to that interest. *See Bell*, 441 U.S. at 539;

*Valdez*, 302 F.3d at 1045.

Plaintiffs may, however, proceed on their claim that their due process rights are

violated when they are forced to wear clothing, including underwear, "that another patient

wore the day before." (Allen Sec. Am. Compl. at 19.) At times, these clothes have not

been washed properly or at all. (*Id.*) Plaintiffs may attempt to prove that they are forced to

wear unsanitary clothing, but the mere fact that patients cannot keep or wear their own

clothing is insufficient to state a claim for relief under the Due Process Clause.

### B.      *PA System*

Defendants concede that Plaintiffs have stated cognizable claims that the PA

system at CSH, which blasts announcements throughout the night making it difficult for

patients to sleep, violates the Constitution. They argue, however, that this claim should be

dismissed for failure to serve the Defendants.

Defendants' argument is without merit. The Court explicitly stated in a previous

Order that the question of service would be resolved *after* the pending Motion to Dismiss

is adjudicated. (April 3, 2013 Order, Dkt. 149, at 2.) Plaintiffs' PA system claims may go

**MEMORANDUM DECISION AND ORDER - 13**

forward.

**4.      Wages**

Plaintiffs' claims that they are entitled to wages for their labor at CSH will be dismissed. The Court has already explained why Defendants' decision to require patients to do chores with little or no payment does not violate the Fair Labor Standards Act, the Thirteenth Amendment, or the Fourteenth Amendment. (*See* IRO at 24.) Plaintiffs add nothing new to their Amended Complaints to cause the Court to reconsider its analysis on these claims.

**5.      Equal Protection Claims**

Plaintiffs claim that their treatment violates the Equal Protection Clause of the Fourteenth Amendment because CSH is "the only California State Mental Hospital to lower the Mental Health Care Standards to SVPS **only**." (Allen Sec. Am. Compl. at 5 (emphasis in original).) Plaintiff's vague allegations do not meet the pleading standard of Rule 8. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Additionally, the Amended Complaints fail to state a colorable Equal Protection claim because they do not allege facts suggesting that Plaintiffs are similarly situated to any other civilly committed mental health patients in other facilities. *See Tigner v. Texas*, 310 U.S. 141, 147 (1940) ("The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same."). SVPs are not similar to other individuals with mental illness—SVPs are, by definition, likely to commit

**MEMORANDUM DECISION AND ORDER - 14**

sexually violent crimes as a result of their mental illness. *See* Cal. Welf. & Inst. Code

§ 6600(a)(1). Moreover, because SVPs are not a suspect or quasi-suspect class for Equal

Protection purposes, the state may treat them differently from other civilly committed

patients unless the different treatment is "patently arbitrary and bears no rational

relationship to a legitimate governmental interest." *Vermouth v. Corrothers*, 827 F.2d

599, 602 (9th Cir. 1987) (internal quotation marks omitted). Plaintiffs' Amended

Complaints do not meet these standards.

## 6.    Code of Federal Regulations

Plaintiffs claim for the first time in their response to Defendants' Motion to

Dismiss that they are bringing claims under various federal regulations. (*See, e.g.*, Allen

Obj. at 2, 4-5.) They did not assert any such claims in their Amended Complaints other

than with respect to their wage claims, and citing the regulations in an opposition brief

cannot cure that deficiency. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197

n.1 (9th Cir. 1998) ("The 'new' allegations contained in the [plaintiffs'] opposition

motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety

of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's

moving papers, such as a memorandum in opposition to a defendant's motion to

dismiss."). Moreover, Plaintiffs have offered no support for their contention that they may

privately enforce those federal regulations. *See Alexander v. Sandoval*, 532 U.S. 275,

286-87 (2001) ("The judicial task is to interpret the statute Congress has passed to

determine whether it displays an intent to create not just a private right but also a private

**MEMORANDUM DECISION AND ORDER - 15**

remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.") (internal citations omitted). Therefore, the Court rejects Plaintiffs arguments regarding 42 C.F.R. Parts 482 to 483.

### 7.    "Underground" Regulations

Plaintiffs also allege in their Amended Complaints that various CSH policies were not properly enacted pursuant to the California Administrative Procedure Act and are therefore invalid. (*See, e.g.,* Allen Sec. Am. Compl. at 15 ("The [policies] that were adopted [by] CSH Administrators . . . were 'underground regulations.' These regulations were never promulgated by the California Office of Administrative Law."))

Section 1983 provides a remedy only for "deprivations of *federal* statutory and constitutional rights. It does not cover official conduct that allegedly violates *state* law." *Huron Valley Hosp. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) (citing *Baker v. McCollan*, 443 U.S. 137, 146 (1979)). Therefore, Plaintiffs' claims that CSH has not complied with the California Administrative Procedure Act are not cognizable in this civil rights action.

### 8.    Appropriate Defendants

Plaintiffs seek only injunctive relief, and therefore cannot pursue claims against individuals who have no direct authority or responsibility in the areas in which Plaintiffs seek relief. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999). Counsel for Defendants have represented to the Court that because of the many

**MEMORANDUM DECISION AND ORDER - 16**

years this case has been pending, the original Defendants are no longer working in their previous capacities and are not responsible for CSH's policies. Rather, counsel state that the following individuals are the appropriate persons against whom Plaintiffs' colorable claims should be asserted: (1) Audrey King, Acting Executive Director for CSH, and (2) Andrew Beard, Acting Chief of Police Services for CSH. (Motion to Dismiss at 21-22.) Therefore, pursuant to Federal Rule of Civil Procedure 25(d), the Court will order the substitution of Audrey King and Andrew Beard, and such Defendants shall be listed in the caption of all further submissions to the Court. Plaintiff's claims against the remaining Defendants will be dismissed.

Counsel for Defendants shall inform the Court within 10 days whether they agree to waive service on behalf of Defendants King and Beard.

## SEVERANCE

The Court stated in its April 3, 2013 Order that if any of Plaintiffs' claims survived the Motion to Dismiss, the Court would sever the cases. (Dkt. 149 at 2.) The Court shall do so. All further filings in each Plaintiff's case will be filed in the individual member cases (which the Court will reopen), rather that the previously consolidated case. Plaintiff Allen's case will retain Case No. 1:06-cv-01801-BLW-LMB. Plaintiff DeBerry's case is No. 1:07-cv-00850-BLW. Plaintiff Henry Scott's case is No. 1:07-cv-00897-BLW. Plaintiff Chaney's case is No. 1:08-cv-01196-BLW. Within 21 days of the date of this Order, the parties shall submit "proposed schedule[s] for discovery (which may include a position that discovery should now be closed), for expert disclosure, and for dispositive

**MEMORANDUM DECISION AND ORDER - 17**

motions" and voluntary disclosures in each of these four cases. (Dkt. 149 at 3.)

The Court will also sever and reopen Case No. 1:10-cv-01973-BLW, which is Plaintiff George Vasquez's case.

## PLAINTIFF VASQUEZ'S MOTION FOR RECONSIDERATION

The Court construes Plaintiff Vasquez's Motion for Temporary Restraining Order and Reissuance of preliminary injunction for Good Cause Shown (Dkt. 124), transferred to this consolidated case by United States Magistrate Judge Michael J. Seng (Dkt. 123), as a motion for reconsideration of the Court's September 7, 2012 Order (Dkt. 102) denying Plaintiff's motion for a preliminary injunction.

Plaintiff Vasquez has not shown that extraordinary circumstances—such as new evidence, clear error, or manifest injustice—exist in order to meet the onerous standard for reconsideration of the denial of the preliminary injunction. *See Christianson v. Colt Indus. Operating Corp.* 486 U.S. 800, 817 (1988); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Therefore, the motion will be denied.

## PLAINTIFF VASQUEZ'S REQUEST FOR APPOINTMENT OF COUNSEL

On June 27, 2013, the Court granted Plaintiff Vasquez's counsel's request to withdraw and ordered Vasquez to file a notice of pro se appearance, which he has now done. He has also moved for appointment of "amicus curiae or class counsel." (Dkt. 168.)

The Court will deny Vasquez's request for counsel. The Court has made it clear in past orders that, even though Court staff are attempting to find new pro bono counsel for Plaintiffs, that may not be possible, and all pro se parties must continue representation of

**MEMORANDUM DECISION AND ORDER - 18**

themselves pro se during the pendency of this case.

As explained above, the Court has reconsidered some of the allegations it previously identified as potentially giving rise to a viable claim, and determined that some of those allegations—such as those relating to Plaintiff's property and movie claims—appear not to state a colorable claim for relief. Given that determination, Plaintiff Vasquez shall not be allowed to proceed unless he files an amended complaint within 21 days of the date of this Order. Once the Court receives Plaintiff Vasquez's amended complaint, it will consider whether he may proceed with his case. Plaintiff Vasquez must file his amended complaint in his individual severed case: No. 1:10-cv-01973-BLW.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion for an Extension of Time to File Reply in Support of Motion to Dismiss (Dkt. 156) is GRANTED.

2. Defendants' Motion to Dismiss Plaintiff's Amended Complaints, Motion to Strike and for a More Definite Statement (Dkt. 140) is GRANTED IN PART AND DENIED IN PART. Plaintiffs Allen, DeBerry, Henry Scott, and Chaney may proceed only on their claims that (1) they are forced to wear soiled and unsanitary clothing, and (2) they are kept awake by the PA System. All other claims of these four Plaintiffs are DISMISSED without prejudice.

3. Audrey King and Andrew Beard are hereby SUBSTITUTED as Defendants

**MEMORANDUM DECISION AND ORDER - 19**

in this action and shall be listed in the caption of all further filings. Counsel for Defendants shall notify the Court within 10 days whether they will waive service on behalf of Defendants King and Beard in the individual cases of Plaintiffs Allen, DeBerry, Henry Scott, and Chaney. All claims against all other Defendants are DISMISSED without prejudice.

4.     Plaintiff Vasquez's Motion for Temporary Restraining Order and Reissuance of Preliminary Injunction for Good Cause Shown (Dkt. 124), construed as a motion for reconsideration, is DENIED.

5.     Plaintiff Vasquez's Motion for Appearance Under His "Sui Juris" Status and Request for Appointment of "Amicus Curiae" or Class Counsel (Dkt. 168) is DENIED IN PART AND NOTED IN PART. Plaintiff Vasquez's request for counsel is denied. The Court notes that Plaintiff Vasquez is now appearing pro se.

6.     Plaintiff Vasquez shall have 21 days from the date of this Order within which to file an amended complaint in his individual case, No. 1:10-01973-BLW. If he does so, the Court will then determine whether he may proceed on that amended complaint. If Plaintiff Vasquez does not file an amended complaint within 21 days, his case may be dismissed without further notice.

7.     **Case Nos. 1:07-cv-00850-BLW** (Wayne DeBerry); **1:07-cv-00897-BLW** (Henry Scott); **1:08-cv-01196-BLW** (Eldridge Chaney); and **1:10-cv-01973-BLW** (George Vasquez) are **SEVERED** from Case No. 1:06-cv-

**MEMORANDUM DECISION AND ORDER - 20**

01801-BLW-LMB (George Allen) and **REOPENED**. All further

submissions must be filed in the Plaintiffs' individual cases.

8.     Within 21 days of the date of this Order, the parties shall submit proposed

scheduling orders as set forth above in Case Nos. 1:06-cv-01801-BLW-

LMB; 1:07-cv-00850-BLW; 1:07-cv-00897-BLW; and 1:08-cv-01196-

BLW.

DATED:  **August 1, 2013**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 21**