UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ELDRIDGE CHANEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AUDREY KING and JACK CARTER,<br><br>　　　　　　Defendants. | Case No. 1:08-cv-01196-BLW<br><br>**SCHEDULING ORDER** |

　　　　On August 1, 2013, the Court entered an Order severing this case from the consolidated case of *Allen v. Mayberg*, 1:06-cv-01801-BLW-LMB. The Court also substituted as Defendants Audrey King and Andrew Berard[1] and dismissed all claims against all other Defendants. The Court has been notified that Andrew Berard is no longer the Acting Chief of Protective Services and Security at Coalinga State Hospital ("CSH"). Therefore, Jack Carter, the current Acting Chief of Protective Services and Security, will be substituted as a Defendant in this case in place of Andrew Berard, pursuant to Federal Rule of Federal Procedure 25(d).

　　　　Defendants requested an extension of time to file their Answer and proposed scheduling order, which the Court will grant. Because Defendants have filed their

---

[1] The Order incorrectly spelled this Defendant's name as "Andrew Beard."

**SCHEDULING ORDER - 1**

Answer, it is appropriate for the Court to set a pretrial schedule in this matter. The parties shall follow the pretrial schedule set forth herein below, unless a later order sets new deadlines.

## ORDER

**IT IS ORDERED:**

1. Jack Carter is hereby **SUBSTITUTED** as a Defendant for Andrew Berard and the caption shall reflect that Audrey King and Jack Carter are the sole Defendants in this case.

2. Defendants' Request for Extension of Time To File Answer and Proposed Scheduling Order (Dkt. 11) is **GRANTED**.

**IT IS FURTHER ORDERED:**

1. The following voluntary disclosures shall be served on the parties no later than **November 23, 2013**:

   a. All relevant information pertaining to the remaining claims and defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information.

   b. Any relevant documents in the parties' possession, in a redacted form if necessary for security or privilege purposes.

   c. If necessary, the parties shall provide a security/privilege log

sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure.

    d.    Any party may request that the Court conduct an in camera review of withheld documents or information.

2. All discovery—except disclosure of expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)—shall be completed by **April 1, 2014.** Any motions to compel discovery must be made on or before that date.

3. Disclosure of expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2) shall take place no later than **July 7, 2014.** Disclosures shall be deemed complete on the date that they are deposited in the mail for regular (first-class) mail delivery, except that any disclosure filed by a person confined in a prison or other secure facility shall be deemed complete on the date it is given over to prison or other security officials for mailing.

4. All discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135, and shall only be filed when required by Local Rules 250.2, 250.3, and 250.4. Responses to written discovery requests shall be due 45 days after the request is first served. To ensure that the responding party has sufficient time to respond, all discovery requests must be served at least 45 days before the discovery deadline.

5. The parties shall follow the procedures set out in Federal Rule of Civil

Procedure 30, which governs the taking of depositions. Defendant may depose Plaintiff or any other witness confined in a prison or other secure facility upon the condition that, at least 14 days before such a deposition, Defendants shall serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). If Plaintiff wishes to take depositions, Plaintiff must file a motion requesting permission to do so, specifically showing the ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

6. Unless otherwise ordered, Local Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37—that a party seeking relief from the Court certify that he or she has in good faith conferred or attempted to confer with the other person or party in an effort to resolve the dispute prior to seeking court action—shall not apply.

7. Dispositive motions shall be filed and served no later than **December 2, 2014.**

**SCHEDULING ORDER - 4**



DATED:  **October 16, 2013**

                                  

Honorable B. Lynn Winmill
Chief U. S. District Judge

**SCHEDULING ORDER - 5**